IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PAMELA MILLS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-431-A |
| | § | |
| JODY UPTON, WARDEN, | § | |
| FMC CARSWELL, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Petitioner, Pamela Mills, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court must order a respondent to show cause why a petition pursuant to § 2241 should not be granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto." 28 U.S.C. § 2243. Having considered the petition and the papers attached thereto, as well as the applicable legal authorities, the court concludes that it appears from the face of the petition that petitioner is entitled to no relief.

As stated in the petition, petitioner pleaded guilty in the Eastern District of Pennsylvania to charges of mail fraud, wire fraud, and filing false income tax returns. In August 2012, that court sentenced petitioner to a term of imprisonment of seventy-

eight months. Petitioner is presently incarcerated at FMC-Carswell. Petitioner contends that she has rheumatoid arthritis ("RA"), and that prior to her incarceration she participated in clinical trials that appeared to alleviate the symptoms of her RA. However, she apparently contends that the Bureau of Prisons cannot provide appropriate care for her RA.

The petition raises the following grounds for relief: (1) the Bureau of Prisons has demonstrated it cannot meet petitioner's medical needs; (2) the Bureau of Prisons has violated petitioner's Eighth Amendment right to be free from cruel and unusual punishment because it has failed to provide adequate food, clothing, and medical care for prisoners; (3) the Bureau of Prisons has violated petitioner's Fifth Amendment right by assuring the sentencing court it could provide for petitioner's medical needs, including her RA, but has failed to provide appropriate care; and, (4) the Bureau of Prisons has failed to follow its own policies regarding compassionate release. The only relief requested in the petition is for the court to "[g]rant Compassionate Release/Reduction in Sentence or change sentence from incarceration at Carswell Federal Medical Center to home confinement to enable defendant to resume participation in clinical study for medication and therapy." Pet. at 7.

A petition pursuant to § 2241 may be granted only if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In contrast, "habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Granville v. Hunt, 411 F.2d 9, 12 (5th Cir. 1969). The "sole function" of a habeas petition is relief from unconstitutional custody, and "it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979) (per curiam). Allegations complaining of the rules, customs, and procedures affecting conditions of confinement or treatment of prisoners are properly brought in a civil rights action. Spina v. Aaron, 821 F.2d 1126, 1127-28 (5th Cir. 1987). "If a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release," the proper course for the prisoner is a civil rights action. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (ellipses and brackets in original).

Although characterized as a petition pursuant to § 2241, the sum of the grounds for relief raised in the instant petition is that staff at the Bureau of Prisons have failed adequately to treat plaintiff's RA. However, the only relief requested by petitioner is compassionate release. The Fifth Circuit has addressed a similar issue, where a prisoner sought compassionate

release by filing a petition pursuant to § 2241, wherein she requested compassionate release due to her medical condition. Figueroa v. Chapman, 347 F. App'x 48, 50 (5th Cir. 2009). The court affirmed the district court's denial of the petition, holding that, unless the § 2241 petition alleged that the prisoner was in custody in violation of the Constitution, laws, or treaties of the United States, the petition could not be granted. Because the petition was grounded on the petitioner's medical needs, denial was appropriate, as "[a] compassionate release request is not a matter of illegal or unconstitutional restraint." Id.

The same result is warranted here. The petition does not allege that petitioner is in custody as a result of a constitutional violation, but seeks petitioner's release based solely on her medical needs. Accordingly, § 2241 is not the proper means by which petitioner may obtain the relief she seeks, and the court is unable to grant the relief sought. Figueroa, 347 F. App'x at *50.

Plaintiff's claims of inadequate or inappropriate medical care pertain to the conditions of her confinement, not the constitutionality of her custody. Because petitioner complains only of the conditions of her confinement, and a favorable determination would have no effect on her projected date of

4

release, her claims are not cognizable under § 2241. If petitioner wishes to pursue claims pertaining to the alleged failure of the Bureau of Prisons to provide adequate medical care, or regarding other conditions of her confinement, she must do so by filing an appropriate civil action and paying the applicable filing fee.

Additionally, to the extent petitioner attempts to rely on 18 U.S.C. § 3582(c) to request compassionate release, the statute requires that the Director of the Bureau of Prisons file, on the prisoner's behalf, a motion seeking to reduce the term of imprisonment. 18 U.S.C. § 3582(c)(1)(A). Because no such request has been filed on petitioner's behalf, the court is not authorized by § 3582(c)(1)(A) to modify the terms of petitioner's imprisonment. <u>United States v. Gonzales</u>, No. 94-60580, 1995 WL 412993, at *2 (5th Cir. June 12, 1995).

Therefore,

The court ORDERS that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Pamela Mills be, and is hereby, denied.

SIGNED June 24, 2014.

_____
JOHN McBRYDE
United States District Judge

5